(115 App. Div. 180)

### F. V. SMITH CONTRACTING CO. v. CITY OF NEW YORK.

(Supreme Court, Appellate Division, First Department. October 19, 1906.)

1. MUNICIPAL CORPORATIONS — CONTRACTS FOR STREET IMPROVEMENT — CONSTRUCTION—DELAY OF PERFORMANCE.

A contract for the construction of a street improvement stipulated that the contractor should finish the work within a specified number of working days, excluding the time during which the work was delayed in consequence of the condition of the weather, the acts of the city, etc., and required the removal by the contractor, on the direction of the engineer, of obstructions which might be on the line of the work. A building was standing on the line of the proposed improvement. There were telegraph poles in use on the line. The contractor was delayed by a railway company and by a contractor for the laying of water pipes, and by curb stakes. Held, that the obstructions, excepting the curb stakes, were not subject to removal by the contractor, because he had no right to remove them, and for delays in consequence thereof the contractor was entitled to credit.

2. SAME—EXTENT OF DELAY—EVIDENCE—QUESTION FOR JURY.

In an action by a contractor for a street improvement, it was a question for the jury as to the amount the city was entitled to deduct from the balance claimed for delay on the part of the contractor in the construction of the work.

Appeal from Trial Term, New York County.

Action by the F. V. Smith Contracting Company against the city of New York. From a judgment for plaintiff, entered on a directed verdict, defendant appeals. Reversed, and new trial granted.

Argued before O'BRIEN, P. J., and INGRAHAM, CLARKE, HOUGHTON, and SCOTT, JJ.

Terence Farley, for appellant.
L. Laflin Kellogg, for respondent.

O'BRIEN, P. J.  The action was brought to recover $1,990, balance due under a contract for grading, curbing, etc., Longwood avenue, from Tiffany street to the Southern Boulevard.  It is conceded that the amount earned under the contract was $27,714.47, of which there was paid to the plaintiff $26,874.48, leaving a balance of $1,990, for which the plaintiff sues.  The city in its answer alleges that it was entitled to deduct from the amount earned under the contract $1,840, being liquidated damages for 184 days overtime, at $10 a day.  It will be seen from these figures that the plaintiff in any event is entitled to $150, which was the amount retained over and above the amount which the city insists it had the right to deduct, so that for that amount the plaintiff is in any event entitled to recover.  The learned trial judge at the close of the case directed a verdict in favor of the plaintiff for the full amount, and the question presented for our consideration upon this appeal is whether that direction was right as to the $1,840 which was deducted by the city for overtime.

In directing a verdict for the plaintiff the learned trial judge stated that the certificate of the borough president was erroneous in principle and that it was "wrong, untrue, and made under a misconstruction of the terms of the contract"; and he stated that he gave much weight to the fact that there was an omission in the certificate with reference to Sundays and holidays, and that upon the whole case the plaintiff was entitled to recover the amount claimed.  It will be noticed, therefore, that the controversy upon the trial turned upon the question as to whether the certificate of the borough president, upon whom was imposed the duty of certifying as to the time expended in doing the work, was erroneous and the result of a misconstruction of the provisions of the contract.  In order to determine whether the conclusion reached at the Trial Term was right, it is necessary that we should refer to some of the provisions of the contract.

It was therein agreed by the plaintiff that he should finish the work within 250 working days after notice given to commence the work, and that in the computation of said days "the time  *  *  *  during which the work required by this contract has been delayed in consequence of the condition of the weather, or by any act or omission on the part of the parties of the first part (all of which shall be determined by the said commissioner, who will certify to the same in writing), and also Sundays and holidays on which no work was done, and days on which the prosecution of the whole work is suspended by order of said commissioner, shall be excluded."  It was also provided that:

"Mason work of all kinds  *  *  *  including laying of vitrified stoneware and all work in setting curbstones and laying flagging and bridge stones shall cease from the 1st of December to the 1st of April in each year."

Also any incumbrances or obstructions which may be upon the line of the work when it is begun or may thereafter be placed there shall, if directed by the engineer, be removed by the contractor at his own expense.

With respect to the latter, namely, the obstructions which the contractor was obliged to remove at his own expense, it was made to appear that there was a building standing on the line of the proposed improve-

ment, and that there were also certain telegraph poles in use, and that plaintiff was delayed by the New York, New Haven & Hartford Railroad Company, and also by the laying of water pipes by another contractor, and by certain curb stakes placed on the line of the railroad. With respect to all of these except the curb stakes, we think the contention of the plaintiff was right—that they were not within the character of obstructions which he was required to remove, because he had no control over them and had no legal right to remove them, and therefore it was the duty of the city to see to it that they were not causes of delay in the work. Consequently for such delays the contractor was entitled to credit. So, too, the time from the 1st of December to the 1st of April in each year, except during such days as the plaintiff was directed to work by the engineer, and whether or not during the prosecution of the work he was so directed is a question which is not satisfactorily answered, either by the testimony of the contractor or the city's engineers, as well as Sundays and holidays by the express terms of the contract should be deducted. Conceding, however, all of these to the contractor, we fail to find upon the evidence adduced that the contractor was entitled to a direction of a verdict in his favor as matter of law; the most favorable view being that there was a question of fact which should have been submitted to the jury. The examination which has brought us to this conclusion, without going extensively into the figures, may be briefly summarized.

From the certificate of the borough president given as required by the contract, it appears that there were—:

| | |
|---|---|
| 250 | days allowed to complete the work. |
| 202 | days allowed for unsuitable weather. |
| 447½ | days allowed for unavoidable delays. |
| | days allowed for inspection not chargeable to contractor. |
| 184 | days chargeable to contractor. |
| 1,083½ | days inspector's time on the work. |

1,083½ days.

But the actual number of calendar days taken for the completion according to the respondent was 1,717 days. He claims that there should be deducted for Sundays and holidays and the winter months 678 days, which number deducted from 1,717 leaves 1,039 days. This result approximates sufficiently close to the whole number of days charged in the certificate under "inspection days" as 1083½ to make it evident that Sundays, holidays, and winter months were deducted, the discrepancy being explainable either upon the ground of error or upon the ground that there was certain work done during the winter months, to the contrary of which the plaintiff was not able to testify.

The delays occasioned by fault of the city were estimated by the engineers, and the time account by that estimate and report stood as follows:

| | |
|---|---|
| By encroachment of building ..................................... | 50 days |
| "   delay of N. Y. N. H. & H. R. R. Co. ......................... | 20 days |
| "      "    in moving poles ....................................... | 10 days |
| "      "    from laying of water pipes ........................... | 20 days |
| | 100 days |

This made the contract time sheet stand:

| | | |
|---|---|---:|
| Time of inspector on work | | 1,072½ |
| Time allowed on contract | 250 days | |
| Unsuitable weather | 196½ days | |
| Allowance for delays | 100 days | |
| | | 546½ |
| | | ——— |
| | | 526 |

Notwithstanding this estimate, the city concluded that as damage only to the extent of what had been paid an inspector during this time at the rate of $3.50 per day could be deducted, viz., $1,844.50, that the contractor should be charged only with that amount, and therefore the overtime was reduced to 184 days, and to reach a balance the allowance for "unavoidable delay" was raised to 447½ days. The figures are slightly changed in the final certificate, due no doubt to some minor error in computation. This was a construction of the contract most favorable to the contractor, being an allowance of 343 days in excess of the chief engineer's estimate.

The contract, moreover, provided that:

"To prevent all disputes and litigation, it is further agreed between the parties to this contract that the Chief Engineer of Construction shall in all cases determine the amount or the quantity of the several kinds of work which are to be paid for under this contract, and he shall determine all questions in relation to said work and the construction thereof, and he shall in all cases decide every question which may arise relative to the execution of this contract on the part of the aforesaid contractor."

But assuming, without deciding, that the certificate being shown to be so indefinite and uncertain that it could be disregarded, and looking behind it, we think there was a question as to the amount of overtime for which the contractor should be charged. Taking the view most favorable to the respondent of time elapsed and credits for delays, the time sheet would be:

| | | |
|---|---:|---:|
| Whole number of days | | 1,717 |
| Time allowed | 250 | |
| Claimed for delays | 535 | |
| Sundays and holidays | 286 | |
| Winter months | 392 | |
| Unsuitable weather | 202 | |
| | ——— | ——— |
| | 1,665 | 1,665 |
| | | |
| Overtime | | 52 days. |

It will thus be seen upon this record that there was presented a disputed question of fact as to the overtime, which should have been submitted to the jury, and for the error, therefore, in directing a verdict, the judgment should be reversed and a new trial ordered, with costs to the appellant to abide the event. All concur.